UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRAD SIMENZ,

       Plaintiff,

v.

                                   Case No. 07-C-0601

AMERIHOME MORTGAGE
COMPANY, L.L.C.,

       Defendant.

## BRIEF IN SUPPORT OF MOTION IN OPPOSITION TO REMOVAL AND MOTION TO REMAND

COMES NOW the plaintiff, by his attorneys, Urban & Taylor s.c., and for his Motion in Opposition to Removal and Motion to Remand states as follows:

### INTRODUCTION

This above-captioned matter was initially filed as a state class action in Milwaukee County Circuit Court on May 22, 2007. The state class action Complaint set forth allegations against the defendant under Wisconsin Statutes Chapter 224, entitled "Miscellaneous Banking and Financial Institution Provisions." *See generally Complaint*.

Plaintiff did not bring any federal claims in this Complaint. *Id.* In fact, when addressing the only potential federal realm of these claims stated:

> The giving by MERS members, such as Defendant Amerihome, and acceptance by MERS of the $3.95 MERS registration fee violates 12 U.S.C. § 2607(b) of the Real Estate Settlement Procedures Act (RESPA). Such allegation is not intended to set forth a claim for relief pursuant to RESPA, but rather to support the plaintiff's allegations that Amerihome has violated Wis. Stat. § 224.77(k).

*Id.* at ¶ 35.

Nonetheless, defendant Amerihome Mortgage Company, L.L.C. ("Amerihome") filed a Notice of Removal pursuant to 28 U.S.C. §1332(d)(2) on June 29, 2007 and it was served via mail on plaintiff's counsel on July 2, 2007. However, in its Notice of Removal, defendant does not establish that the criteria set forth in 28 U.S.C. §1332(d)(2) have been met. Further, it does not even address 28 U.S.C. §1332(d)(3) or § 1332(d)(4). For the reasons, set forth below, plaintiff requests that this court deny removal and instead remand this case back to the Milwaukee County Circuit Court.

## **ARGUMENT**

### I. Defendant Has Not Met the Criteria Set Forth in 28 U.S.C. §1332(d)(2) for Removal

Pursuant to 28 U.S.C. §1332(d)(2), the district court has original jurisdiction when the amount in controversy exceeds $5,000,000 and where there is diversity of citizenship. In defendant's Notice of Removal, it states that United States District Court has original jurisdiction pursuant to this provision. *Notice of Removal*, ¶5. However, it does not provide sufficient support of its assertion that there is diversity of citizenship nor does it indicate how it has determined that the amount in controversy exceeds $5,000,000. *See generally Id.* Amerihome does meet the mandates of 28 U.S.C. §1332(d)(2) and removal must be denied with the case remanded back to state court.

The party invoking federal jurisdiction bears the burden of demonstrating its existence. *Hart v. FedEx Ground Pack., Sys., Inc.* 457 F.3d 675, 679 (7th Cir. 2006) (Citations omitted). "Federal courts are courts of limited jurisdiction: 'It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

In this case, defendant Amerihome has not sufficiently met its burden for establishing that removal to federal jurisdiction is appropriate. It did not provide any

affidavits or supporting documentation for its assertions related to diversity of the parties or the amount in controversy as required under the law. Therefore, plaintiff requests that this court deny removal pursuant to 28 U.S.C. §1332(d)(2) and instead grant plaintiff's motion for remand.

In the case that Amerihome may affirmatively show that the criteria for removal set forth in 28 U.S.C. §1332(d)(2) have been met, plaintiff still does not concede that removal is appropriate. Should the court decide that he criteria for removal set forth in 28 U.S.C. §1332(d)(2) have been met, the plaintiff intends to show one of the exceptions in 28 U.S.C. §1332(d)(3) and 28 U.S.C. §1332(d)(4) apply to the case at bar and that this case should instead be remanded to state court.

## CONCLUSION

WHEREFORE, for the reasons state above, plaintiff requests that this court deny defendant's Notice of Removal and instead remand this case back to Wisconsin state court where it was initially properly filed.

Dated at Milwaukee, Wisconsin this 30th day of July, 2007.

URBAN & TAYLOR s.c.

/s/_____
SCOTT B. TAYLOR (State Bar No. 1018096)
JAY A. URBAN (State Bar No. 1018098)
*Attorneys for Plaintiff*
Urban & Taylor Law Building
4701 N. Port Washington Road
Milwaukee, Wisconsin 53212
Phone: 414-906-1700
Fax: 414-906-5333