UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRAD SIMENZ,

       Plaintiff,

                                    Case No. 07-C-0601

v.

AMERIHOME MORTGAGE
COMPANY, L.L.C.,

       Defendant.

## BRIEF IN SUPPORT OF PLAINITFF'S MOTION TO REMAND

COMES NOW the plaintiff, by his attorneys, Urban & Taylor s.c., and for his Motion to Remand states as follows:

### INTRODUCTION

On July 30, 2007, plaintiff objected to the removal of the instant matter and moved for remand under 28 U.S.C. § 1447(c). Should this court find that defendant has met the criteria set forth in 28 U.S.C. §1332(d)(2), removal is still not appropriate. This above-captioned matter was initially filed as a state class action in Milwaukee County Circuit Court on May 22, 2007. The state class action Complaint set forth allegations against the defendant under Wisconsin Statutes Chapter 224, entitled "Miscellaneous Banking and Financial Institution Provisions." *See generally Complaint*.

Plaintiff did not bring any federal claims in this Complaint. *Id.* In fact, when addressing the only potential federal realm of these claims stated:

> The giving by MERS members, such as Defendant Amerihome, and acceptance by MERS of the $3.95 MERS registration fee violates 12 U.S.C. § 2607(b) of the Real Estate Settlement Procedures Act (RESPA). Such allegation is not intended to set forth a claim

for relief pursuant to RESPA, but rather to support the plaintiff's allegations that Amerihome has violated Wis. Stat. § 224.77(k).

*Id.* at ¶ 35.

Nonetheless, defendant Amerihome Mortgage Company, L.L.C. ("Amerihome") filed a Notice of Removal pursuant to 28 U.S.C. §1332(d)(2) on June 29, 2007 and it was served via mail on plaintiff's counsel on July 2, 2007. In its Notice of Removal, defendant does not address 28 U.S.C. §1332(d)(3) or § 1332(d)(4). For the reasons, set forth below, plaintiff requests that this court remand this case back to the Milwaukee County Circuit Court.

I. **Remand is Proper Under Provisions of the Class Action Fairness Act of 2005**

In its Notice of Removal, defendant does not address 28 U.S.C. §1332(d)(3) or 28 U.S.C. §1332(d)(4). Application of these other provisions of the Class Action Fairness Act of 2005 to the case at bar demonstrates that removal should be declined and this case should instead be remanded to state court.

There are three exceptions to removal set forth in §§1332(d)(3) and 1332(d)(4). *Preston v. Tenet Healthsystem Memorial Medical Ctr*, 07-30132 (5th Cir. 2007). They are known as the A) home state exception found in §1332(d)(4)(B); B) the local controversy exception found in §1332(d)(4)(A); and C) discretionary jurisdiction found in §1332(d)(3). *Id.* The language of §1332(d)(4) is mandatory, in contrast with the permissive language of §1332(d)(3). *Hart v. FedEx Ground Pack., Sys., Inc.* 457 F.3d at 681. The party seeking remand under these provisions has the burden of persuasion*. Id.* at 681.

### A. Local Controversy Exception

In the case at bar, the local controversy exception of 28 U.S.C. § 1332(d)(4)(A) is applicable. It mandates that the federal district court decline jurisdiction over a class action in which:

> …(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendant is a defendant---(aa) from who significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and (III) Principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons…

*Id.* Plaintiff can meet the criteria set forth in § 1332(d)(4)(A) in this case.

#### 1. Greater Than Two-Thirds of the Plaintiff Class are Citizens of Wisconsin

The first criteria for mandatory remand pursuant to § 1332(d)(4)(A)(I) is that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." In this case, plaintiff can meet its burden to establish the presumption that two-thirds of the class members are citizens of Wisconsin. Therefore, without proof to the contrary, this court should deny removal and instead remand this case.

This case was originally filed in Wisconsin state court. The Complaint alleges that:

> The class that Mr. Simenz represents, and of which he is himself a member, consists of all persons who, within two years prior to the date of commencement of this action, closed a mortgage loan with Amerihome and were charged a MERS Registration Fee in connection with a mortgage loan secured by property within the State of Wisconsin.

*Complaint*, ¶5. Further, it states:

> The exact number of members of the class, as identified and described above, is not known, but it is estimated that there are not less than 1,000 members, who reside in several counties within the State of Wisconsin. It is impracticable to bring them all before this Court…

*Id.* at ¶6. Clearly, the Complaint contemplates that the class members purchased property and reside within the state of Wisconsin.

If the allegations in the Complaint are insufficient to establish the citizenship of the class members, our neighboring court in the Southern District of Illinois addressed the issue of the required proofs of each of the parties. *See Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM (S.D.Ill. 11-22-2006). That case involved a class action based on state law claims against a local bank that allegedly improperly calculated interest on loans. *Id.* at 1.

In addressing whether the plaintiff met its burden under § 1332(d)(4)(A)(I), the court found that class members' Illinois mailing addresses provided evidence of Illinois citizenship. *Id.* at 12. Although the court recognized that citizenship is determined by domicile and evidence of residence in Illinois is insufficient to prove domicile, "it nonetheless creates a rebuttable presumption of domicile in Illinois." *Id.* at 12-13. Further, because the defendants did not present evidence that the class members were not domiciled at their Illinois mailing addresses, the court concluded that it was therefore entitled to assume that they are domiciled at those addresses. *Id.* at 13.

The court recognized that the evidence regarding citizenship was not "perfect." *Id.* at 14. However, it stated that the "record is not required be perfect, but plaintiff must only show that it is more likely than not that two-thirds of the class members are Illinois citizens." *Id.* The court found that the § 1332(d)(4)(A)(I) criteria were met along with the

other criteria under § 1332(d)(4)(A) and remanded case back to state court. See generally *Id.*

In *Mattera v. Clear Channel Communications, Inc.*, 06 Civ. 01878, (S.D.N.Y. 11-14-2006), the court in the Southern District of New York also addressed remand pursuant to the local controversy rule. The case involved a class action brought under New York law challenging the legality of a charge back to sales representatives by their employer, Clear Channel. *See generally Id.* Although the party seeking remand did not provide affidavits or other evidence of citizenship, the court simply found that that "it is reasonably likely that more than two-thirds of the putative class members of the proposed class—all of whom work in New York—are citizens of New York. *Id.* at 26.

The Fifth Circuit has likewise addressed the issue of proof of citizenship for satisfying the requirements of § 1332(d)(4)(A)(I). *See Preston v. Tenet Healthsystem Memorial Medical Center Ctr.,* 07-30132 (5th Cir. 2007). In that case, the court was somewhat more skeptical than the courts referenced above, as the potential class of plaintiffs were Hurricane Katrina victims many of whom were disbursed to other states by the hurricane. *Id.* at 10-13. Thus, the court was not willing to accept addresses taken from medical records on the date of the hurricane as the sole proof to establish residency. *Id.* at 12-13.

However, the *Preston* court suggested that in order to establish citizenship under the statute, the court could consider "places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* at 11. (Citation

omitted). Further, the court recognized that once domicile is established, there is a presumption in favor of continuing domicile, which the partying seeking to show a change of domicile must overcome. *Id.* at 11.

In the case at bar, like the *Mattera* court recognized, the only individuals who would have standing to assert the Wisconsin Statute Chapter 224 violations set forth in the Complaint would be those who have purchased property in the State of Wisconsin through a mortgage with defendant Amerihome in six years prior to the filing of the Complaint and who were subject to the charges described in the Complaint. This alone should be enough to establish the two-third residency requirement as it is highly unlikely that more than one third of individuals who have obtained a mortgage through Amerihome in the state of Wisconsin in the past six years do not reside in Wisconsin.

Additionally, plaintiff's counsel has performed additional inquiries into this issue. Plaintiff's counsel has pulled information from a public records search site for the Milwaukee County Register of Deeds[1], encompassing all mortgages recorded by Amerihome from April 19, 2006 through February 23, 2007. *Affidavit of Scott B. Taylor at ¶6*. For all of these mortgages, plaintiff's counsel was able to obtain county and/or city tax information or the recorded deeds to the property to establish that the over 98 percent of the individuals who held mortgages with Amerihome during this time period reside in the State of Wisconsin. *See, Exhibits 1-86, attached to the Affidavit of Scott B. Taylor.* In fact, of the eighty-three individuals and/or couples that constitute part of the

---

[1] The search site, known as Tapestry, whose website address is located at: https://www.landrecords.net/tapsearch.aspx, provides access to county-recorded land records, including those of Milwaukee County. According to their website, Tapestry seamlessly provides access to index information, mortgages, deeds and other documents in real-time fashion. *See*, Affidavit of Scott B. Taylor in Support of Motion to Remand.

proposed plaintiff's class, eighty-two of the individuals and/or couples currently reside in the State of Wisconsin. *See, Affidavit of Scott B. Taylor at ¶17.*

Based on the foregoing, plaintiff has clearly established the requisite criteria under 28 U.S.C. § 1332(d)(4)(A)(I) for this court to find that two-thirds of the plaintiff class are citizens of Wisconsin. If defendant contests the same, it is now defendant's obligation to rebut the presumption of citizenship with evidence to the contrary. Therefore, for the reasons stated below, plaintiff requests that this court remand this case to back to Wisconsin state court.

### 2. At Least One Defendant is a Citizen of Wisconsin Whose Conduct Forms the Basis for Plaintiff's Claims and Requested Relief

The second criteria for mandatory remand under the local controversy exception to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(4)(A)(II), addresses the defendant. Specifically it states that at least one defendant must be a defendant:

> (aa) from who significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed.

*Id.* Plaintiff is able to establish these criteria with regard to defendant Amerihome in this case. Therefore, this court must remand this case to Wisconsin state court.

Defendant Amerihome is a limited liability company. *See Exhibit 87, Affidavit of Scott B. Taylor at ¶101.* This court has recognized that the citizenship of a limited liability company is not its state of formation and principal place of business, but rather the citizenship of each of its members. *Alliance Laundry Syst. v. Thyssenkrupp Materials, NA*, Case No. 07C0589, (E.D. Wis. 6-29-2007). In this case, Amerihome has represented that Nicholas Del Torto is an individual citizen of Wisconsin. *Notice of Removal*, ¶ 5. Thus, plaintiff can meet the third prong related to the defendant under 28

U.S.C. § 1332(d)(4)(A)(II) as Mr. Del Torto is an a citizen of the state in which the action was filed.

Additionally, plaintiff can establish that that Mr. Del Torto was a "significant defendant." A "'significant defendant' is one who has [a] significant role in conduct alleged in the complaint relative to the other defendants, and one against whom the relief sought is [a] significant portion sought by the entire class." *Mattera v. Clear Channel Communications, Inc.*, 06 Civ. 01878, (S.D.N.Y. 11-14-2006). (Citations omitted). Mr. Del Torto is president and CEO of Amerihome as well as its registered agent for service of process at its principal office in Brookfield, Wisconsin. *See* Exhibits 87 and 88, *Affidavit of Scott B. Taylor* at ¶ 101-102. Mr. Del Torto is also a registered loan originator in the state of Wisconsin. *Id*. at Exhibit 90. Further, Amerihome represents that it was the fifth largest lender in Milwaukee for 2002 and that in 2003, *Broker Magazine* ranked Amerihome as the fourth largest mortgage broker nationally. *Id*. at Exhibit 89. In 2006, Amerihome represented that it was the fifth largest area mortgage banking company. As a result of his position in the company, his position as a mortgage broker and loan originator and the location and reputation of his company, it can be concluded that Mr. Del Torto's conduct forms a significant basis for the plaintiff's claims and relief is sought from him.

Therefore, for the reasons stated above, plaintiff requests that this court remand this case to Wisconsin state court as plaintiff has met all of the criteria of 28 U.S.C. § 1332(d)(4)(A)(II).

### 3. Plaintiff's Principal Injuries Occurred in Wisconsin

Pursuant to 28 U.S.C. § 1332(d)(4)(A)(III) plaintiff can easily establish that the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." As a result this court should deny defendant's Notice of Removal and remand this case to Wisconsin state court.

In *Kitson*, the Illinois court looked for the meaning of "principal injury" under the statute, but acknowledged that the terms were not defined. *Kitson v. Bank of Edwardsville*, 06-528-GPM at 16. Therefore, according the 7th Circuit, it reasoned that the terms must be given their ordinary and plain meanings. *Id.* citing *Sanders v. Jackson*, 209 F.3d 998, 1000 (7th Cir. 2000). The Illinois court stated:

> According to a leading legal dictionary, "principal" in its adjectival sense means "[c]hief; primary; most important," while an "injury" means "[t]he violation of another's legal right, for which the law provides a remedy; a wrong or injustice."

*Id.* citing Black's Law Dictionary (8th ed. 2004). Further, in *Mattera,* because the harm claimed was in violation of New York state wage law, even though the charges complained of were implemented nationwide, the New York court held that individuals in other states would not have standing to raise claims under New York law, so "the principal injuries suffered are limited to New York and are therefore local in nature." *Mattera v. Clear Channel Communications, Inc.*, 06 Civ. 01878 at 25.

Likewise, in the case at bar the principal injuries occurred in Wisconsin. This case only impacts purchasers of mortgages through Amerihome secured by property in the state of Wisconsin. Like *Mattera*, purchasers of mortgages through Amerihome secured by property outside of Wisconsin would not have standing to raise Wisconsin State Chapter 224 claims. The class plaintiffs in this case have been injured by

defendant's violations of Wisconsin Statutes Chapter 224 and are entitled to damages as set forth in the Complaint and Wisconsin Statutes Chapter 224.

Therefore, this Court should find that plaintiff has satisfied this provision of 28 U.S.C. § 1332(d)(4)(A)(i)(III) and remand this case to Wisconsin State Court.

### 4. No Other Similar Class Action Has Been Filed in the Past Three Years

Finally, § 1332(d)(4)(A)(ii) requires that no other class action similar in facts or parties has been filed in three years prior to filing of the present class action. The class action at bar is unique in that it involves claims made strictly under Wisconsin law by those individuals having standing to assert such claims. *See Complaint.* As such, there have been no other similar cases filed involving Amerihome or involving plaintiff Simenz in Wisconsin State Court or in either the Eastern or Western District Federal Courts of Wisconsin under similar facts for claims under Wis. Statutes Chapter 224. *See Affidavit of Scott B. Taylor* at Exhibits E and F. Therefore, this Court can easily conclude and should find that plaintiff has satisfied this provision of 28 U.S.C. § 1332(d)(4)(A)(ii) and that remand to Wisconsin State Court is appropriate in this case.

### B. Discretionary Remand

In addition to mandatory remand, pursuant to 28 U.S.C. § 1332(d)(3), a district court may, "in the interests of justice and looking at the totality of the circumstances" decline to exercise jurisdiction factoring in certain criteria set forth in the statute. Based on these factors, many of which have been described in detail above, it is clear that this court should exercise its discretion to remand this case to Wisconsin state court.

First, the discretionary statute only mandates that "…greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate

and the primary defendants are citizens of the State in which the action was originally filed…" Above, plaintiff has established that two-thirds of the class members are citizens of Wisconsin and that the primary defendant, the president, CEO and registered agent, Del Torto, are residents of the state of Wisconsin. The Fifth Circuit recognized that there is presumption in favor of continuing domicile and the partying seeking to a change in domicile must come forward with enough evidence to overcome this presumption under the discretionary jurisdiction provision. *Preston v. Tenet Healthsystem Memorial Medical Ctr.,* 07-30132 at 22. Based on the evidence set forth by plaintiff, it will be virtually impossible for defendant to establish that two-thirds of the plaintiff class were not residing in Wisconsin at the time of the Complaint was filed.

Second, the statute also indicates that the court should consider:

(A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

Looking at the totality of the circumstances and these criteria, this case is most appropriately venued in Wisconsin state court. The Complaint alleges Wisconsin state law claims, which have no bearing on federal law or national or interstate issues. 28 U.S.C. § 1332(d)(3)(A) and (B). This case was brought in Wisconsin state court, as this is the forum with the most distinct nexus to the class plaintiffs, the overwhelming majority of whom live in Wisconsin, and most distinct nexus to the harm, where the facts set forth in the Complaint occurred. *Id.* § 1332(d)(3)(D) and (E). Further, there are not

other similar law class actions on the same claims. *Id.* § 1332(d)(3)(F) and *Affidavit of Scott B. Taylor* at Exhibits 92 and 93.

Therefore, even if this court does not conclude that remand is mandatory under the local controversy rule of 28 U.S.C. § 1332(d)(4)(A), this court must find that plaintiff has satisfied this provision of 28 U.S.C. § 1332(d)(3) for discretionary remand. As such, plaintiff asks that this court remand this case to Wisconsin state court.

## **CONCLUSION**

WHEREFORE, for the reasons state above, plaintiff requests that this court remand this case back to Wisconsin state court where it was initially properly filed.

Dated at Milwaukee, Wisconsin this 9th day of August, 2007.

URBAN & TAYLOR s.c.

/s/_____
SCOTT B. TAYLOR (State Bar No. 1018096)
JAY A. URBAN (State Bar No. 1018098)
*Attorneys for Plaintiff*
Urban & Taylor Law Building
4701 N. Port Washington Road
Milwaukee, Wisconsin 53212
Phone: 414-906-1700
Fax: 414-906-533