UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRAD SIMENZ,

        Plaintiff,

vs.

AMERIHOME MORTGAGE COMPANY, L.L.C.,

        Defendant.

Case No.: 07-C-0601
Hon. Lynn Adelman

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

The Plaintiff has filed not one, but two, Motions to Remand this case to state court. The first motion was filed on July 30, 2007 ("First Motion to Remand"). The Plaintiff only addressed Section 1332(d)(2) in his First Motion to Remand, claiming that the Amerihome has not proven that this case meets the $5,000,000 amount in controversy requirement for the removal of a class action. The Plaintiff then apparently decided that his first brief on the Motion to Remand was insufficient, so he filed a second, untimely Motion to Remand on August 9, 2007, asserting new and completely different grounds for remand, including challenging, for the first time, Amerihome's right to remove under Sections 1332(d)(3) and 1332(d)(4) ("Second Motion to Remand"). This brief is intended to respond to the Plaintiff's First Motion to Remand only. Amerihome will then file a second brief in opposition to the Plaintiff's Second Motion to Remand in accordance with the timeline set forth in the local rules, responding to the new and completely different grounds for remand that were asserted by the Plaintiff in his Second Motion to Remand.

**ARGUMENT**

I.  **The Allegations of the Plaintiff's Complaint Prove that the $5,000,000 Amount in Controversy Requirement Has Been Met.**

One of the first requirements that has to be met before a class action can be removed from state court to federal court is that the matter in controversy must "exceed the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The "claims of the individual class members [are] aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Both compensatory and punitive damages are taken into account in determining whether the jurisdictional amount in controversy has been established. *Sharp Elec. Corp. v. Copy Plus, Inc.*, 939 F.2d 513 (7th Cir. 1991) (*citing Bell v. Preferred Life Society,* 320 U.S. 238, 240 (1943) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount."). Additionally, attorneys' fees up to the time of removal also count toward the jurisdictional amount. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 (7th Cir. 1998).

Here, the Plaintiff has alleged in his Complaint that he is entitled to recover: (1) an amount equal to the greater of the following: (a) twice the amount of the cost of the loan origination connected with the loan transaction, not to exceed $2,000 for each violation; (b) actual damages, including any incidental and consequential damages, which each person sustained because of the violation; (2) the aggregate amount of costs and expenses which the court determines are reasonably incurred by the person in connection with the action, together with reasonable attorneys' fees; and (3) punitive damages. Compl. ¶ 3, 5, 41, 42. The Plaintiff also claims in his Complaint that he is representing a class of which there are not less than 1,000 members. Compl. ¶ 5.

Taking the Plaintiff's allegations as true (although Amerihome disputes all allegations of liability), this case meets the $5,000,000 jurisdictional amount in controversy. The Plaintiff alleges that there are over 1,000 members of the class and that each class member has the potential to recover damages of $2,000. Therefore, the Plaintiff has alleged that the class is entitled to recover $2,000,000 in compensatory damages. Additionally, the Plaintiff has alleged the right to recover punitive damages. According to the United States Supreme Court, a punitive damages multiple in excess of single digits between punitive and compensatory damages is presumptively unconstitutional. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 410 (2003). In this case, the multiplier between compensatory and punitive damages only needs to be 1.5 or $3,000,000 in order to reach the $5,000,000 jurisdictional threshold. Because this is alleged as a possibility, although it is disputed, the $5,000,000 amount in controversy has been met based upon the compensatory and punitive damages plead in the Complaint, not to mention the claim for attorneys' fees incurred by the Plaintiff up until the time of removal, which also count toward the determination of the amount in controversy. Accordingly, this case was eligible to be removed from state court to federal court.

## **CONCLUSION**

For the foregoing reasons, Amerihome respectfully requests that this Court deny the Defendant's First Motion to Remand.

Dated this 22nd day of August, 2007.

        QUARLES & BRADY LLP

        __/s/ Andrew P. Beilfuss_____

| | |
|---|---|
| Matthew J. Flynn | (1015090) |
| Daniel M. Janssen | (1022112) |
| Katherine Maloney Perhach | (1035975) |
| Andrew P. Beilfuss | (1055093) |

411 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 277-5000
*Attorneys for Defendant*
*Amerihome Mortgage Company, LLC*