UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRAD SIMENZ,

              Plaintiff,

v.                                  Case No. 07-C-0601

AMERIHOME MORTGAGE
COMPANY, L.L.C.,

              Defendant.

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AUGUST 9, 2007 (SECOND) MOTION TO REMAND**

Amerihome Mortgage Company, L.L.C. ("Amerihome") opposes plaintiff's August 9, 2007 Motion to Remand because it is based on grounds constituting "any defect other than subject matter jurisdiction," and was untimely filed more than 30 days after the filing of Amerihome's notice of removal.

## ARGUMENT

**I.    PLAINTIFF'S AUGUST 9, 2007 MOTION TO REMAND IS UNTIMELY.**

    **A.    Procedural Background To Plaintiff's August 9 Motion To Remand.**

A plaintiff's ability to challenge the propriety of removal is not without limitations, including time limitations. Under 28 U.S.C. § 1447(c), a "motion to remand the case on the basis of any defect other than lack of subject-matter

jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

On June 29, 2007, Amerihome timely filed its Notice of Removal, which was entered by the Court on July 2, 2007, based on the minimal diversity grounds under the Class Action Fairness Act ("CAFA"). As applied here, and even assuming that the 30-day deadline is calculated from date of service, rather than date of filing, any motion to remand on grounds other than subject matter jurisdiction needed to have been filed no later than August 6, 2007.[1] Plaintiff, however, filed the instant motion to remand arguing that the Court should decline jurisdiction under two provisions in CAFA, 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4), on August 9 – three days after the deadline for doing so. (Aug. 9, 2007 Notice and Mot. To Remand ("Aug. 9 Mot. to Remand").)

The question before this Court is thus primarily one of subject matter jurisdiction. If the Court determines that plaintiff's August 9 Motion to Remand based on the provisions of CAFA addressing when and whether a Court might decline to exercise jurisdiction constitutes "any defect other than lack of subject-matter jurisdiction," there can be no dispute that plaintiff's August 9 Motion to Remand is untimely under 28 U.S.C. § 1447(c). Accordingly, if the Court so

---

[1] Pursuant to 28 U.S.C. § 1447(c), on July 30, 2007, plaintiff timely filed his first motion to remand challenging whether Amerihome met the threshold requirements set forth in 29 U.S.C. § 1332(d)(2) so to give this Court original jurisdiction over the action. (Jul. 30, 2007 Notice and Mot. to Remand.) Briefing related to the July 30 motion to remand has been completed.

concludes, the Court should disregard plaintiff's August 9 Motion to Remand in its entirety.

### B. Statutory Provisions Relating To CAFA, Removal, And Remand.

The primary provisions of CAFA are set forth in 28 U.S.C. 1332(d) and 28 U.S.C. 1453. CAFA expands the jurisdiction of the district courts, and provides that the "district courts shall have original jurisdiction of any controversy" where the enumerated requirements of 28 U.S.C. § 1332(d)(2) are met. If these threshold requirements are established, the district court shall have original jurisdiction over the action, and a party may file the action in federal court, or, if initially filed in a state court, a party may remove the action to federal court under 28 U.S.C. § 1441(a), which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The removing party must establish the threshold requirements of 28 U.S.C. § 1332(d)(2). *See Hart v. Fedex Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

Plaintiff's August 9 Motion to Remand addresses two provisions of CAFA – 28 U.S.C. § 1332(d)(3) and 28 U.S.C. § 1332(d)(4). Section 1332(d)(3) states that a "district court may, in the interests of justice and looking at the totality of circumstances, decline to exercise jurisdiction under paragraph (2) over a class action," and then lists a variety of factors for a court to consider. Section 1332(d)(4) provides that a "district court shall decline to exercise jurisdiction

under paragraph (2)" if each prerequisite element expressly set forth in 1332(d)(4)(A) or 1332(d)(4)(B) are met.

Nothing in 28 U.S.C. § 1332(d) addresses when a motion to remand must be brought. However, 28 U.S.C. § 1453 expressly provides that the removal provisions set forth in 28 U.S.C. § 1446 and the remand provisions set forth in 28 U.S.C. § 1447 shall apply to any removal of a class action, except as otherwise expressly provided in 28 U.S.C. § 1453. *See* 28 U.S.C. § 1453(c)(1) ("Section 1447 shall apply to any removal of a case under this section . . . .").[2] Pursuant to 28 U.S.C. § 1447(c), any motion to remand "on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Section 1447(c) further makes remand mandatory "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction."

Thus, the question of whether plaintiff's August 9 Motion to Remand asking this Court to decline to exercise its jurisdiction under 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) was timely turns on whether or not those provisions constitute any defect other than lack of subject matter jurisdiction. If these sections are matters of subject matter jurisdiction, the 30-day deadline in 28 U.S.C. § 1447(c) does not apply. If these sections are not a matter of subject

---

[2] The only exception to the applicability of 28 U.S.C. § 1447 is that 28 U.S.C. § 1453(c) permits a court of appeals to accept an appeal from an order of a district court granting or denying a motion to remand a class action, which is ordinarily not reviewable on appeal pursuant to 28 U.S.C. § 1447(d).

matter jurisdiction, then plaintiff's August 9 Motion to Remand is untimely, and plaintiff may not challenge the propriety of removal under either sections 1332(d)(3) or 1332(d)(4).

### C. The Statutory Provisions Relating To Remand and Provisions Relating To The Court's Exercise Of Jurisdiction Under CAFA Can Be Read Together To Require That Motions For Remand On The Grounds Contained In Sections 1332(d)(3) and 1332(d)(4) Must Be Filed Within 30 Days Of Removal.

The analysis of whether 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) are provisions that strip the Court of subject matter jurisdiction otherwise conferred under 28 U.S.C. § 1332(d)(2) begins, of course, with the statutory language itself.

By its very terms, original jurisdiction is conferred upon a district court once the threshold requirements set forth in 28 U.S.C. § 1332(d)(2) are established. Once these threshold requirements of amount in controversy and minimal diversity under CAFA are met, the action may be properly removed. The removing party need not also show that it can establish each of the factors and conditions contained in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) in order to file a notice of removal that confers original jurisdiction on the district court to hear the action under 28 U.S.C. § 1332(d)(2). *See Hart*, 457 F.3d at 681. It is now well-established that a party seeking remand under the "exceptions" contained in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) bears the burden of establishing the prerequisites under those sections. *Id.*; *see also, e.g., Evans v. Walter Indus., Inc.* 449 F.3d 1159 (11th Cir. 2006); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018

(9th Cir. 2007); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793 (5th Cir. 2007).

Section 1332(d)(3) uses permissive language in that a district court "may . . . decline to exercise jurisdiction" over an action properly removed under 28 U.S.C. § 1332(d)(2) in certain circumstances. Sections 1332(d)(3) and 1332(d)(4) are similarly structured and use almost identical phrasing. Section 1332(d)(4), however, states that a court "shall decline to exercise jurisdiction" over an action properly removed under 28 U.S.C. § 1332(d)(2) if certain prerequisites are met. The permissive nature of 28 U.S.C. § 1332(d)(3) indicates that Congress could not have intended that the use of the word "jurisdiction" in 28 U.S.C. § 1332(d)(3) as an equivalent to "subject matter jurisdiction" because the existence of subject matter jurisdiction is mandatory to a court's ability to enter judgment. Indeed, under 28 U.S.C. § 1447(c) itself, a court must remand an action if it appears that the district court lacks subject matter jurisdiction at any time before final judgment. Declining to exercise jurisdiction, either as a "may" or a "shall", presumes that subject matter jurisdiction exists. How else could a court decline to do something unless there was something – jurisdiction – to decline?

Congress used very different phrasing when it chose to make certain types of actions clearly not subject to the district court's original jurisdiction under 28 U.S.C. § 1332(d)(2). In 28 U.S.C. § 1332(d)(5), Congress did not use the phrasing "decline jurisdiction" but stated simply that "Paragraphs (2) through (4) shall not apply to any class actions" in which the primary defendants are states, state

officials, or other governmental entities against whom the district court may be foreclosed from granting relief, and class actions involving less than 100 members. Similarly, in 28 U.S.C. § 1332(d)(9), Congress expressed clearly its intention that district courts shall not have original jurisdiction over certain types of class actions such as those involving securities by providing simply, "Paragraph (2) shall not apply to any class action that solely involves [the following] claim[s]." Clearly, Congress is denying district courts original jurisdiction in the circumstances present under 28 U.S.C. §§ 1332(d)(5) and 1332(d)(9). If Congress intended 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) to undermine district courts' subject matter jurisdiction to decide an action, it could have said so just as it did in 28 U.S.C. §§ 1332(d)(5) and 1332(d)(9).

That courts may or must decline "jurisdiction" under certain circumstances does not necessarily relieve a party opposing removal from the requirement of filing a timely motion to remand under 29 U.S.C. § 1447(c). This interpretation gives meaning to each of the provisions contained in 28 U.S.C. §§ 1332(d)(2-4), 1447 and 1453; a party seeking to remand an action under sections 1332(d)(3) or 1332(d)(4) must file its motion within the 30-day deadline under 28 U.S.C. 1447(c). If no timely motion to remand is filed, the matter is considered waived.

Amerihome's research reveals no cases where a court was squarely presented with the issue of whether a motion to remand based solely on the grounds set forth in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) is subject to the time restrictions of 28 U.S.C. § 1447(c). A decision cited repeatedly by plaintiff,

*Kitson v. The Bank of Edwardsville*, Civ. No. 06-528, 2006 WL 3392752 at * 1 (S.D. Ill. Nov. 22, 2006), framed its analysis of the applicability of the CAFA exceptions set forth in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) as one of abstention.[3] *Id.* at 7 (noting that plaintiff's motion for remand turned on "whether the Court is required under CAFA to abstain from hearing this case."). The *Kitson* court analyzed both provisions and ultimately concluded that the case should be remanded. The timeliness of the remand motion was not raised by the parties.[4]

In his reply brief on his July 30 Motion to Remand, which was timely brought pursuant to 28 U.S.C. § 1447(c) and challenges whether Amerihome established the threshold requirements for subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), plaintiff also advanced an argument regarding the timeliness of his August 9 Motion to Remand. (Pl's Aug. 30 Br. in Resp. to Def.'s

---

[3] 28 U.S.C. § 1447(c) has been revised several times, the latest being in 1996 resulting in its current incarnation that the 30-day deadline applies to bring a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction." The previous version of 28 U.S.C. 1447(c) read as follows: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." Thus, until the 1996 amendment, only motions to remand based on "any defect in removal procedure" were subject to the 30-day time requirement. This pre-1996 language was the subject of the analysis in a decision by the United States Supreme Court relating to whether an abstention-based remand order was appealable under 28 U.S.C. § 1291 in which the court found that the language then in 28 U.S.C. 1447(c) relating to defect in "removal procedure" must be grafted into 28 U.S.C. 1447(d). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996). In a case that also addressed the statutory bar to appellate review of remand, the Supreme Court recently acknowledged that *Quackenbush* was decided prior to the 1996 amendment, but assumed for purposes of that case that the amendment was immaterial to the holding in *Quackenbush*. *See Powerex Corp. v. Reliant Energy Services, Inc.*, ___ U.S. ___, 127 S. Ct. 2411, 2416 (June 18, 2007). Thus, cases citing *Quackenbush* for the principle that the 30-day deadline in 28 U.S.C. § 1447(c) does not apply to motions to remand based on abstention neither accurately reflect the holding of *Quackenbush*, nor give appropriate recognition to the changes wrought by the 1996 amendment to 28 U.S.C. § 1447(c).

[4] Based only on the *Kitson* court's recitation of the procedural history, it appears the motion to remand might have been filed more than 30 days after filing of the notice of removal, but as there was no challenge to the timeliness of the motion under 28 U.S.C. § 1447(c), it is not entirely clear when the 30-day deadline would have fallen. *See Kitson*, Civ. No. 06-528, 2006 WL 3392752 at * 1 (S.D. Ill. Nov. 22, 2006).

Opp. to Remand at 2.) In none of these cases, however, was the court faced with the question here – whether the 30-day deadline in 28 U.S.C. § 1447(c) applies to motions to remand based solely on the grounds set forth in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4).

Plaintiff argues that the Court of Appeals for the Seventh Circuit addressed the timeliness of motion to remand under 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) in *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675 (7th Cir. 2006). (Pl's Aug. 30 Br. in Resp. to Def.'s Opp. to Remand at 2.) In *Hart*, however, the Seventh Circuit was not faced with a question relating to the timeliness of a motion to remand and its comments are dicta. *Id.* at 682. The parenthetical remark that section 1332(d) "imposes no time limit" on a motion to remand correctly recognizes that section, standing alone, does include any specific time limits at all, but does not speak to the other statutory provisions relating to the timeliness of motions to remove and remand. If the *Hart* dicta is read to mean that the Seventh Circuit believes that there are no time restrictions for CAFA remand motions, then a party seeking remand may file a motion on any grounds at any time, including, for example, challenges to procedural defects in removal such as failing to sign the notice of removal or to include a copy of all state court pleadings with the notice of removal. As it is highly doubtful that the *Hart* court could or did mean to change so drastically removal and remand provisions as applied to CAFA, and because the one paragraph in *Hart* relating to the timing of a motion to remand is dicta, the Court is not bound by *Hart* in this matter.

Furthermore, *Hart's* dicta ignores entirely 28 U.S.C. § 1453(c)(1), which expressly states that the provisions of 28 U.S.C. § 1447 "shall apply to any removal of a case" under the CAFA provisions contained in 28 U.S.C. § 1332(d), including the 30-day requirement on the timeliness of a motion to remand. Whatever the Seventh Circuit might have meant in *Hart* with its final paragraph of dicta, it cannot mean what the plaintiff seems to suggest and does not bind the Court's decision-making here.[5]

Requiring a party seeking to remand an action under 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4) to file its motions within the 30-day deadline prescribed by 28 U.S.C. § 1447(c) yields a fair and efficient result. Such an interpretation would avoid constant motions to remand based on any new information gleaned during discovery. Such an interpretation also comports with CAFA's legislative history. Within its discussion of its intent that the provisions of CAFA should be broadly read to expand federal court jurisdiction over class actions" the Senate Judiciary Committee report goes on to state, "The law is clear that, once removed to federal court, subsequent events generally cannot 'oust' the

---

[5] Plaintiff also cites *Kitson* and *Preston v. Tenet Healthsystem Memorial Medical Ctr.* in support of its statement that "there are numerous other examples of federal cases in which motions for remand have been brought multiple times after 30 days from the notice of removal." (Pl's Aug. 30 Br. in Resp. to Def.'s Opp. to Remand at 2.) As already noted, the *Kitson* court was not faced with a question regarding the timeliness of the motion to remand based on the exceptions to the court's exercise of discretion, and actually viewed the exceptions through the lens of abstention, not whether or not it had subject matter jurisdiction. The *Preston* court also did not address the issue of timeliness of a motion to remand, and in the somewhat tortured procedural history, describes the motion to remand coming before it because another party "resurrected" a timely-filed motion to remand that another party had abandoned. *See* 485 F.3d 804, 808-09 (5th Cir. 2007).

federal court of jurisdiction." *See* S. Rep. 14, 109th Cong. 1st Sess. 43 (2005), 2005 U.S.C.C.A.N. 3, 41.

The Court should not view 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) to impose imitations on its subject matter jurisdiction under 28 U.S.C. § 1332(d)(2); rather, the Court should consider the grounds in these sections as "any defect other than lack of subject-matter jurisdiction." Accordingly, the time requirements to file a motion to remand under 28 U.S.C. § 1447(c) should be applied to plaintiff's August 9 motion to remand. Because the August 9 motion was filed more than 30 days after the filing of notice of removal, it is untimely, should be disregarded, and the grounds advanced therein cannot undermine the propriety of Amerihome's removal of this action to federal court.

II. **IF THE COURT CONCLUDES THAT PLAINTIFF'S AUGUST 9 MOTION TO REMAND IS TIMELY, AMERIHOME UNDERSTANDS THAT THE COURT IS LIKELY TO ACCEPT PLAINTIFF'S REPRESENTATIONS THAT HE SEEKS ONLY TO CERTIFY A CLASS CONSISTING PREDOMINANTLY OF CITIZENS OF THE STATE OF WISCONSIN WHO COMPLAIN ONLY Of STATE LAW VIOLATIONS.**

To the extent the Court decides that plaintiff's August 9 Motion to Remand was not required to be filed within the time limitations of 28 U.S.C. 1447(c), it must determine whether plaintiff has met its burden to show that the provisions of 28 U.S.C. § 1332(d)(3) and 28 U.S.C. § 1332(d)(4) apply.

One factor in this determination is whether more that two-thirds of the proposed class are citizens of a state other than Wisconsin. Plaintiff's allegations in the complaint and as set forth in his various briefs to this Court left

Amerihome's predecessor counsel unable to ascertain truly who plaintiff claims to be a member of the class, and whether the proposed class was circumscribed to include almost exclusively citizens of the State of Wisconsin. In the complaint itself, plaintiff alleges that the class "consists of all persons who, within six (6) years prior to the date of commencement of this action, closed a mortgage loan with Amerihome and were charged a MERS Registration Fee in connection with a mortgage loan secured by property within the State of Wisconsin. Upon information and belief, and based upon a review of available public records, the vast majority of proposed class members (and substantially more than two thirds of the proposed class members) are citizens of the State of Wisconsin." (Compl. ¶ 4.) Plaintiff further alleged, upon information and belief, that "there are not less than 1,000 members who reside in several counties within the State of Wisconsin." (Compl. ¶ 5.) At the time of removal, Amerihome's predecessor counsel read the complaint to seek a nationwide class, or at the very least, a class beyond one consisting of Wisconsin state citizens. One of the reasons for this is that it did not appear possible for there to be a class greater than 1,000 members if the action really intended to include almost exclusively citizens of the State of Wisconsin. Plaintiff's own allegations created an apparent internal inconsistency.

  Plaintiff's briefing continues to create additional questions regarding the proposed class. For example, plaintiff asserts both that the class "consists of all persons who, within two years prior to the date of commencement of this action, closed a mortgage loan with Amerihome and were charged a MERS registration
12

Fee in connection with a mortgage loan secured by property within the State of Wisconsin," and later, in the same brief, that the class would consist of only those individuals who have purchased property in the State of Wisconsin through a mortgage with Amerihome in six years prior to the filing of the Complaint." (July 9 Mot. to Remand at 3.) Further, plaintiff continues to allege that the proposed class to contain more than 1,000 individuals, but plaintiff's own "evidence" disputes this figure. Plaintiff contends that over an approximate ten-month period, there were 83 mortgages that would qualify the mortgagors as members of plaintiff's proposed class. (Aug. 9 Motion to Remand at 6-7.) If plaintiff means his class to consist only of Wisconsin citizens, and using his own research, the class size would consists of either approximately 200 (using a two-year period as set forth in plaintiff's July 9 Motion to Remand) or 600 (using the six-year period also used in July 9 Motion to Remand and his complaint).[6] Even this higher number does not constitute two-thirds of a class of one thousand. This basic math makes it reasonable to conclude that the only way plaintiff might create a class greater than 1,000 members is if that class includes significant numbers of citizens of states beyond Wisconsin.

Despite these inconsistencies, Amerihome recognizes that plaintiff's counsel has made numerous representations, both in the complaint and this motion for remand, that the proposed class is limited predominantly to citizens of the State

---

[6] Using plaintiff's figures, approximately 8.3 putative class members took a mortgage out each month, which multiplied by a twelve-month year yields approximately 100 putative class members each year.

of Wisconsin challenging Wisconsin state law.[7] For example, plaintiff now expressly asserts that greater than two-thirds of the putative class are *citizens* of Wisconsin. (Pl.'s Aug. 9 Br. in Supp. of Mot. to Remand at 3.) Amerihome understands that the Court is likely to accept these representations as to the class definition. Based on this understanding of the proposed class, Amerihome believes at this time that greater than two-thirds of those individuals who took out a mortgage with a Amerihome secured by property located within the State of Wisconsin and who were charged a MERS fee are domiciled in Wisconsin.

As to the other requirements relating to the exception set forth in 28 U.S.C. § 1332(d)(4)(A), Amerihome does not dispute that such requirements are met here. Amerihome is the only defendant in this action, and is domiciled in, among other possible states, the State of Wisconsin. Plaintiff's suggestions that any of Amerihome's individual members are defendants ("significant" or otherwise) in this action is improper, as is his assertion that plaintiff intends to seek relief from any of the individual members of Amerihome, which is a limited liability company. (Pl.'s Aug. 9 Br. in Supp. of Mot. to Remand at 7-8.)

---

[7] Plaintiff asserts that "he did not bring any federal claims" in his complaint. (Aug. 9 Motion to Remand at 1.) Apparently, plaintiff contends that the complaint's mention of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA") is not intended to raise any federal claim in this action. This issue is not relevant to the pending motion to remand because Amerihome acknowledges that its predecessor counsel did not remove based on federal question jurisdiction.

Dated this 4th day of September, 2007.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>1000 North Water Street, Suite 2100<br>Milwaukee, WI 53202<br>Telephone: 414-298-1000<br>Facsimile: 414-298-8097<br>Mailing Address:<br>P.O. Box 2965<br>Milwaukee, WI 53201-2965 | s/ Sarah A. Huck<br>Anne W. Reed<br>WI State Bar ID No. 1005693<br>Sarah A. Huck<br>WI State Bar ID No. 1036691<br>Joseph W. Voiland<br>WI State Bar ID No. 1041512<br>areed@reinhartlaw.com<br>shuck@reinhartlaw.com<br>jvoiland@reinhartlaw.com |

MW\1454998