# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BRAD SIMENZ,**
        **Plaintiff,**

    **v.**                                  **Case No. 07-C-601**

**AMERIHOME MORTGAGE COMPANY, LLC,**
        **Defendant.**

---

## <u>ORDER</u>

On May 22, 2007, plaintiff Brad Simenz filed this putative class action in Milwaukee County Circuit Court on behalf of himself and others who, within six years of the date of filing, had purchased a mortgage from defendant secured by property within the State of Wisconsin and had been charged a fee allegedly in violation of Wisconsin law.  On June 29, 2007, defendant removed the action to federal court under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4 (codified at 28 U.S.C. § 1332(d)).  Plaintiff has moved to remand the case.

CAFA grants district courts jurisdiction over certain cases that present incomplete diversity.  The law provides that a district court has jurisdiction over any class action in which the aggregated claims meet or exceed $5,000,000 and any member of the proposed class is a citizen of a state different from any defendant.  § 1332(d)(2)(A).  It states, however, that a district court "shall decline" to exercise such jurisdiction if, among other scenarios, greater than two-thirds of the class members and the primary defendants are all citizens of the state in which the action was originally filed.  § 1332(d)(4)(B).  It further states that a district court "may decline" to exercise such jurisdiction if between one-thirds

and two-thirds of the proposed class and the primary defendants are all citizens of the state in which the action was originally filed. § 1332(d)(3).

A party seeking removal to federal court must prove the relevant jurisdictional facts by a "preponderance of the evidence." Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). With respect to the amount in controversy, this can be done by demonstrating that it is "more likely than not" that the amount at stake exceeds the jurisdictional amount. Id. at 542. All doubts should be resolved against removal in order to respect the plaintiff's choice of forum. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993).

Defendant has failed to meet its burden of showing that the plaintiff class seeks at least $5,000,000. Plaintiff alleges that defendant charged mortgage borrowers an illegal fee of $4. (Compl. at ¶ 25-28.) The complaint states that the exact size of the class is unknown but that it is believed to contain at least 1,000 members. The complaint seeks "twice the amount of the loan origination connected with the loan transaction, not to exceed $2,000 for each violation" or actual damages. (Id. at ¶ 42.) It also states that the class is entitled to punitive damages. Defendant simply multiplied 1,000 by $2,000 to reach $2,000,000 and then stated that there is a "possibility" that plaintiff could receive punitive damages of $3,000,000, or 1.5 percent of the statutory award, given that such a punitive damages award would not be presumptively unconstitutional under Supreme Court case law. Though only defendant knows the true number of class members, defendant has offered no evidence supporting the complaint's estimate of 1,000 class members. Further, defendant offers no reason why the class claims would be likely to result in an award of the maximum damages allowed under Wisconsin law. In addition, defendant offers no

2

examples of other cases in which claims such as plaintiffs have resulted in any punitive damages award, much less one as large as $3 million. Defendant simply argues that such an award would not be patently unconstitutional. This falls far short of the more-likely-than-not standard.

In any event, even if it were sufficiently clear that the plaintiff class was seeking $5,000,000, § 1332(d)(4)(B) – the "home-state controversy" rule – would require that I decline to exercise jurisdiction over this case. The defendant is a citizen of Wisconsin. The named plaintiff is unable to state precisely how many members of the class are citizens of Wisconsin because only defendant has the records necessary for identification of all of the class members. However, he has provided the court with sufficient information to create a presumption that at least two-thirds of the plaintiff class are citizens of Wisconsin. The class consists only of individuals who purchased a mortgage that was secured by Wisconsin property. Further, the named plaintiff's initial research on the known class members has revealed that well over two-thirds of the known members are domiciled in Wisconsin.

Defendant does not seriously contest that at least two-thirds of the class members are citizens of Wisconsin; it simply argues that plaintiff filed his motion to remand too late. According to statute, a motion to remand based on "any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Defendant asserts that § 1332(d)(4) addresses abstention, rather than subject matter jurisdiction, and therefore is subject to the 30-day rule. However, even assuming that § 1332(d)(4) does not strip me of jurisdiction, I may abstain from exercising jurisdiction for reasons of comity between state and federal courts pursuant to a tardy

3

motion or even my own motion. <u>See</u> <u>Hart v. FedEx Ground Package Sys.</u>, 457 F.3d 675, 682 (7th Cir. 2006) (suggesting that a party may bring a motion to remand under § 1332(d) at any time); <u>Int'l College of Surgeons v. City of Chi.</u>, 153 F.3d 356, 360 (7th Cir. 1998) (addressing the authority of a district court to abstain sua sponte under judicially-created abstention doctrines). My assertion of jurisdiction over a local matter would implicate federalism concerns, as Congress recognized in enacting § 1332(d)(4). Thus, even if defendant had initially established subject matter jurisdiction over this case I would nevertheless decline to exercise it under § 1332(d)(4)(B).

**Therefore,**

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court is directed to remand this case to the Milwaukee County Circuit Court.

**IT IS FURTHER ORDERED** that the other pending motions are **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 23 day of October, 2007.


/s_____
LYNN ADELMAN
District Judge

4