UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRAD SIMENZ,
        Plaintiff,

v.                               Case No. 07-C-601

AMERIHOME MORTGAGE COMPANY, LLC,
        Defendant.

## DECISION AND ORDER

On May 22, 2007, plaintiff Brad Simenz filed this putative class action in Milwaukee County Circuit Court on behalf of himself and others who, within six years of the date of filing, had purchased a mortgage from defendant secured by property within the State of Wisconsin and had been charged a fee allegedly in violation of Wisconsin law. On June 29, 2007, defendant removed the action to federal court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), but on October 23, 2007, I remanded it to state court. Plaintiff now seeks reimbursement of costs related to the removal and remand under 28 U.S.C. § 1147(c). I have jurisdiction over this case for the limited purpose of deciding plaintiff's motion. Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 365 (7th Cir. 2000).

### I. APPLICABILITY OF § 1147(c)

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). Thus, when a party's "adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs." Garbie v. DaimlerChrysler Corp., 211

F.3d 407, 411 (7th Cir. 2000). Section 1147(c), the fee-shifting provision applicable to wrongful removal, provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This section gives district courts discretion to award expenses when a defendant "lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141. Removal is not reasonable if it is foreclosed by law that is clearly established at the time of removal. Lott v. Pfizer, 492 F.3d 789, 792 (7th Cir. 2007).

Defendant removed the present case under CAFA, which provides that a district court has jurisdiction over any class action in which the aggregated claims meet or exceed $5 million and any member of the proposed class is a citizen of a state different from any defendant. § 1332(d)(2)(A). However, CAFA states that a district court "shall decline" to exercise such jurisdiction if greater than two-thirds of the class members and the primary defendants are all citizens of the state in which the action was filed. § 1332(d)(4)(B). In my remand decision, I found that it was not clear that at least $5 million was in controversy. Plaintiff's complaint estimated that the putative class had at least 1,000 members and sought unspecified compensatory and punitive damages. Though only defendant knew the actual number of class members and the amount of each class member's loan origination (the basis for damages), defendant did not present any evidence supporting its contention that 1,000 class members were in a position to seek the maximum compensatory damages along with a very large punitive damage award. I also found, based on evidence presented by plaintiff and not disputed by defendant, that more than two-thirds of class members and the only defendant were citizens of Wisconsin. Thus, even if § 1332(d)(2)(A) granted jurisdiction, § 1332(d)(4)(B) took it away.
2

Defendant asserts that its removal was reasonable because plaintiff's complaint did not limit the damages sought to less than $5 million and did not limit the class to individuals domiciled in Wisconsin. This is not an objectively reasonable basis for removal given that the complaint sought compensatory damages low enough that only a very large punitive damages award could get defendant over the jurisdictional hurdle and, regardless, defendant is a Wisconsin citizen and the proposed class consisted only of individuals who purchased property in Wisconsin – a group that was very likely to consist primarily of Wisconsin citizens.[1] When it removed, defendant did not argue that the amount at stake likely exceeded $5 million or that fewer than two-thirds of the class were Wisconsin domiciliaries, notwithstanding that it had to establish jurisdiction by a preponderance of the evidence. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 542-43 (7th Cir. 2006). In arguing that removal was reasonable, defendant points out that the Third Circuit has held that CAFA shifts the burden of proving jurisdiction to the plaintiff, but omits that the Seventh Circuit has rejected this position. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447-48 (7th Cir. 2005). In short, defendant lacked a reasonable basis for removal.

## II. COVERED EXPENSES

Thus, plaintiff is entitled to "actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). Defendant argues that I should award plaintiff nothing

---

[1] Defendant appears to have made at least two unreasonable errors in assessing the plaintiff class. It erroneously concluded without any basis that plaintiff brought a "nationwide class action," (see Dec. 10, 2007 Letter to Court from Voiland), and that the class consisted mainly of individuals living outside of Wisconsin because it "did not appear possible for there to be a class greater than 1,000 members if the action really intended to include almost exclusively citizens of the State of Wisconsin," (Mem. in Opp'n to Pl.'s Mot. to Remand at 12.) Defendant failed to consider the possibility that the class might consist of fewer individuals than estimated in the complaint.

3

because he retained counsel on a contingency basis and has paid no expenses. However, in drafting § 1447(c), Congress used the passive voice, and it is undisputed that "actual expenses" have been "incurred," whether by plaintiff or his attorneys. Plaintiff's attorneys forwent other paying work and paid costs out of pocket, thereby incurring expenses in contesting removal. The Seventh Circuit has treated a class action attorney's time, for which the plaintiffs had almost certainly not paid, as an "actual expense" under § 1447(c). Garbie, 211 F.3d at 411. Further, the court's admonition that a defendant who wrongfully drags a plaintiff into a second judicial system "must expect to cover the incremental costs," id., is apt "regardless of whether the immediate burden of defeating an improper removal falls on the plaintiff paying an hourly rate or on a plaintiff's lawyer who took the case on a contingency." Keesling v. Richman, No. 1:02-CV-1392, 2003 U.S. Dist. LEXIS 6756, at *6-7 (S.D. Ind. Apr. 18, 2003). If § 1447(c) did not apply to expenses borne by attorneys, the section would not "reduce[ ] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." Martin, 546 U.S. at 140. Defendants could remove every contingent fee case filed against them with impunity.

My research indicated that courts which have addressed whether § 1447(c) permits a plaintiff to recoup expenses paid by counsel has answered in the affirmative. Gotro v. R&B Realty Group, 69 F.3d 1485, 1487-88 (9th Cir. Nov. 14, 1995); Lawrence v. Biotronik, Inc., No. 04C1876, 2005 U.S. Dist. LEXIS 20911 (N.D. Ill. Sept. 20, 2005); Harris v. Home Depot U.S.A., Inc., No. 05-C-164-S, 2005 U.S. Dist. LEXIS 13580 (W.D. Wis. July 6, 2005); Vyshnevsky v. Park Ridge Oldsmobile, No. 02C6173, 2003 U.S. Dist. LEXIS 11222 (N.D. Ill. July 2, 2003); Keesling, 2003 U.S. Dist. LEXIS 6756. I join these courts in concluding that when a defendant unreasonably removes an action, § 1447(c) authorizes

4

a court to order the defendant to cover expenses incurred as a result of the removal regardless of whether the plaintiff or his attorney initially incurred them.

The fact that "§ 1447(c) expressly limits fee awards to actual outlays," Hotline Indus., 236 F.3d at 367, does not contradict this conclusion. There, the plaintiff relied on in-house counsel to oppose removal, and the court found that because § 1447(c) was limited to "outlays," the plaintiff could recover only the proportional share of the salaries of the attorneys handling the removal plus related overhead costs rather than the attorneys' market rate. Id. at 368. Hotline Industries did not address contingent fee arrangements, but its reasoning is consistent with my conclusion. Here, as in Hotline Industries, there have been "actual outlays"; plaintiff's attorneys incurred costs associated with litigating in federal court, including the cost of forgoing other paying work. Further, because plaintiff's attorneys are employed by a firm, and are not salaried counsel, the best way of calculating their costs is to consider their market rate. Their inability to collect fees at the market rate while contesting an unreasonable removal constituted an "actual" expense. See Keesling, 2003 U.S. Dist. LEXIS 6756, at *7 n.2; Vyshnevsky, 2003 U.S. Dist. LEXIS 11222, at *6-7.

I turn now to the calculation of actual expenses. For the costs of attorneys' time, I multiply the hours reasonably expended contesting removal by a reasonable rate. Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1135 (10th Cir. 2001) (stating that § 1447(c)'s reference to "actual" expenses does not relieve the district court from examining the reasonableness of the number of hours and rate of pay). Because § 1447(c) only provides for reimbursement of expenses "related to the removal," I must exclude hours spent on other issues or hours wasted on excessive or redundant tasks. Id. And, as stated, only the market rate for the attorneys' time represents the actual cost of

5

their time, thus I must examine the attorneys' proffered hourly rate to ensure that it reflects their market rate.

Plaintiff seeks reimbursement related to work performed by three attorneys at Urban & Taylor, S.C.: partners Scott Taylor and Jay Urban, and associate Jennifer Wilson. Each of these attorneys has provided detailed billing records. Taylor seeks reimbursement for 65.2 hours, Urban for 6.0 hours and Wilson for 68.75 hours. These hours represent not only time spent opposing removal and preparing the present fee request but also opposing defendant's motion to dismiss and a related motion to strike. I will disallow the hours spent on the motions to dismiss and strike because such time was not "incurred as a result of the removal," but rather because of the defendant's contention that plaintiff's suit lacks merit. Defendant re-filed the motion to dismiss in state court after the remand and the parties are presently litigating it. Thus, I will reduce Taylor's time by 7.95 hours,[2] Urban's by 4.0 hours,[3] and Wilson's by 22.50 hours.[4]

With one exception, the time that plaintiff's attorneys spent researching removal and working on the motion to remand and the related motion to stay was reasonable. Taylor spent 24.0 hours searching and cross-referencing public records to determine whether the mortgage-holders that comprise the proposed plaintiff class were Wisconsin domiciliaries.

---

[2]This includes a portion of the July 9 entry and the entries dated July 10, July 30, and August 17.

[3]This includes the entries dated July 17, July 30, September 17 and September 20. It is not clear whether the July 17 entry and the September entries relate to work on the motion to remand or the motion to dismiss. However, because plaintiff has the burden of proving expenses and it is unclear, I will disallow these hours.

[4]This includes the entries dated July 24, July 25, July 26, July 28 and July 30.

6

I am hesitant to reduce the costs related to these hours inasmuch as defendants' unwillingness to share information about the mortgage-holders necessitated such work. However, Taylor might have delegated the work to an employee with a lower billing rate. Thus, I will apply a paralegal rate of $80 per hour to these hours. See Alexander v. City of Milwaukee, No. 03-C-611, 2006 U.S. Dist. LEXIS 7693, at *19-20 (E.D. Wis. Feb. 3, 2006) (discussing paralegal billing rates in Milwaukee, Wisconsin), rev'd on other grounds, Alexander v. Milwaukee, 474 F.3d 437 (7th Cir. 2007).

Turning to the appropriate hourly rate, plaintiff seeks $260 for Taylor, $275 for Urban and $175 for Wilson. The best evidence of an attorney's market rate is his actual rate. People Who Care v. Rockford Bd. of Edu., 90 F.3d 1307, 1310 (7th Cir. 1996). When an attorney mostly bills by the hour, his hourly billing rate is his market rate and is therefore presumptively reasonable. Id. When an attorney does not generally bill by the hour because he relies on contingency fees or court-awarded fees, he must produce evidence of other lawyers' rates and/or fee awards for similarly experienced attorneys in similar cases to establish his market rate. Id.; Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 556 (7th Cir. 1999). Plaintiff's attorneys acknowledge that most of their clients pay for their services on a contingent basis, but they have provided sufficient information, including affidavits from other attorneys, to support a finding that their proffered rates reflect market rates. Further, my own experience counsels that their rates are reasonable. For these reasons and because defendant has not opposed the hourly rates, I will accept plaintiff's proffered rates.

As such, I will order defendant to pay for 33.25 hours of Taylor's time at a rate of $260 per hour, 24.0 hours of Taylor's time at a rate of $80 per hour, 2.0 hours of Urban's

time at a rate of $275 per hour, and 46.25 hours of Wilson's time at a rate of $175 per hour. Together, this amounts to $19,208.75. Plaintiff also seeks $94.29 for the payment of a mortgage record search fee. Defendant does not contest this amount, thus I will order defendant to pay a total of $19,303.04.

### III. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that plaintiff's motion for fees and costs is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment be entered in favor of plaintiff and against defendant in the amount of $19,303.04.

Dated at Milwaukee, Wisconsin this 27 day of March, 2008.

/s_____
LYNN ADELMAN
District Judge